IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA )
ex rel. ALEX BRANSON, )
 )
              Plaintiff, )
 )
v. ) No. 06 C 3069
 ) (05 CR 23)
UNITED STATES OF AMERICA, )
FEDERAL BUREAU OF PRISONS, et al., )
 )
              Defendants. )

MEMORANDUM OPINION AND ORDER

Alex Branson ("Branson") has just filed what he captions "Petition Under 28 U.S.C. §2255 To Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody or in the Allturnative Petition For a Writ of habeas Corpus Pursuant to 28 U.S.C. §2241,"[1] by which he seeks to challenge the policy of the Bureau of Prisons ("Bureau") that imposes time limits on the designation of federal prisoners for transfer to Community Correction Centers. Although in doing so Branson seeks to bring several Court of Appeals opinions to his aid (the most extensive and thorough of those being that authored by the late (and great) Judge Edward Becker in Woodall v. Fed. Bureau of Prisons, 432 F.3d 235 (3d Cir. 2005)), Branson is mistaken in stating (Petition at 5):

    This Circuit has not answered this question.

---

    [1] Further references to the provisions of Title 28 will simply take the form "Section --."

To the contrary, <u>Woodall</u>, 432 F.3d at 243 expressly recognized that our Court of Appeals' opinion in <u>Richmond v. Scibana</u>, 387 F.3d 602 (7th Cir. 2004) had announced a different rule that, as the ensuing discussion explains, requires the dismissal of Branson's Petition.

Before this opinion turns to <u>Richmond</u>, it should first be explained that Section 2255 does not provide relief in any event. By its terms it is limited to "the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack...," and plainly none of those grounds is implicated here.

True enough, Branson seeks to bring himself under the rubric of Section 2255 on the premise that his counsel provided him with constitutionally inadequate representation "by not filing a pre-trial motion with a statement, recommended Order, for Petitioner to be transferred to a Community Correction Center for the entire sentence" (Petition at 12). But that notion is simply unsustainable, both (1) because <u>Richmond</u> prescribes the law that must be followed by this District Court and (2) because in all events this Court would have had no power, if such a motion <u>had</u> been made, to order the designation of an institution for Branson

2

to serve his entire sentence (a determination that only the Bureau is empowered to make).

That then leaves for consideration the alternative potential of a Section 2241 habeas proceeding and a civil action "under the Administrative Procedure Act for review of the policy that rests on the OLC's opinion" (Richmond, 387 F.3d at 605).[2] In that regard Richmond, id. at 606 (citations omitted) then went on to state, in language that might well have been written for this case:

> Richmond has not followed any of the rules applicable to prisoners' general civil litigation--not only exhaustion under §1997e(a) but also payment of the full docket fee, screening through of the three-strikes rule, and the other differences between requests for habeas corpus and general civil litigation. These many differences have led us to say that a petition for habeas corpus may not be "converted" to a civil suit, nor may district judges convert suits in the other direction. Instead the judge should leave that option to the litigants, after they know what is at stake. In this situation, however, there is no need for a remand so that Richmond may choose. If he were to stick with §2241, the petition would have to be dismissed because §2241 is the wrong section; if he were to elect the APA, the petition would have to be dismissed under §1997e(a) for failure to exhaust administrative remedies. As the two come to the same thing, the district court's judgment must be affirmed.

Just as in Richmond, Branson is caught on the horns of the same dilemma, with either horn compelling the dismissal of his

---

[2] That reference to the "OLC" is to the Office of Legal Counsel of the Bureau, on whose opinion the then-announced Bureau policy rested. Although the Bureau later announced new regulations on the subject (see Woodall, 432 F.3d at 240-41), those provide no basis for altering the Richmond ruling.

3

current filing. This Court so orders, but it must be understood that (again just as in Richmond) this dismissal is without prejudice.[3]

                                                    _____
                                                    Milton I. Shadur
                                                    Senior United States District Judge

Date: June 6, 2006

---

[3] What has been said here reaches the same destination, and for the same reasons, as set out by our Court of Appeals in an unpublished order that has also followed the dictates of the Richmond opinion, Staadt v. Bezey, 119 Fed. Appx. 784 (7th Cir. 2004).

4